IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER DMETRI NAILING, | No. CIV S-09-2475-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| B.D. FOSTERER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's "Motion for Amendment" (Doc. 13).

This action was commenced with a form complaint filed on September 9, 2009. On October 13, 2009, plaintiff filed a letter requesting information regarding amending his complaint. Plaintiff states that he has been "assaulted once again" and would like to amend in order to add new claims and/or defendants. In response to this letter, the court issued an order on October 21, 2009, stating:

> . . . It appears that plaintiff seeks to amend the current complaint to allege facts relating to events which occurred <u>after</u> this action was filed. If this is the case, plaintiff is advised that he would have to assert such new claims in a separate action because it would be impossible for him to meet the administrative exhaustion requirement. In particular, claims must be

1

1       exhausted <u>before</u> suit is filed. Therefore, claims which arise after an
action is filed cannot be exhausted for purposes of that action.
2                 Because it is unclear whether plaintiff seeks to amend to
add claims which arose before or after this action was initiated, the court
3       will permit plaintiff time to file an amended complaint before screening
the pleading currently on file. If no amended complaint is filed, this action
4       will proceed on the original complaint. To the extent plaintiff's instant
request can be construed as a motion for leave to amend, such a motion is
5       not necessary because plaintiff may amend his complaint once as of right
without leave of court.

The court provided plaintiff an opportunity to file an amended complaint should plaintiff wish to do so.

Plaintiff responded to the court's October 21, 2009, order with a document filed on October 29, 2009, in which plaintiff states that he wants to "add information that I did not know I could at the time of filing, such as the day of my assault. . . ." Plaintiff then filed a motion for leave to amend on December 29, 2009. As plaintiff has been previously advised, leave of court is not necessary in order to file an amended complaint because plaintiff may amend once as of right before a responsive pleading has been filed. Thus, plaintiff's motion for leave to amend will be denied as unnecessary.

Plaintiff is advised that, if he wishes to add new factual allegations to the existing complaint filed on September 2, 2009, he may only do so by filing an amended complaint which contains all his allegations – both those listed in the original complaint and those he wants to add now – in one single pleading. The court may not refer to multiple pleading in order to make plaintiff's allegations complete. The court will provide plaintiff one additional opportunity to file a single amended complaint containing all his factual allegations. If no amended complaint is filed within the time provided, the action will proceed on the September 2, 2009, complaint currently on file.

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (Doc. 13) is denied as unnecessary;

2. If no amended complaint is filed within 30 days of the date of this order, the action will proceed on the original complaint; and

3. The Clerk of the Court is directed to send plaintiff the court's form civil rights complaint by a state prisoner.

DATED: February 10, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE