IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER DMETRI NAILING, | No. CIV S-09-2475-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| B.D. FOSTERER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 17). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Plaintiff's allegations are outlined in the accompanying order and will not be repeated here.[1]

/ / /

/ / /

---

[1] In the accompanying order, the court finds that service is appropriate for 12 of the 15 named defendants. These findings and recommendations address the remaining three defendants – Martin, Evans, and Casey.

1

1           The court finds that plaintiff cannot state a claim for relief against defendants Martin, Evans, or Casey.  As to Martin, plaintiff claims that he discriminated against plaintiff by saying "your ass out."  Initially, the court notes that, according to plaintiff, this case is not about the denial of equal protection.  Instead, he specifically states in the complaint that this case is about Eighth Amendment issues (safety and medical care).  Even if plaintiff intended to pursue an equal protection claim against Martin, his allegations are insufficient because they do not show that he was treated differently than similarly situated inmates.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  To the extent plaintiff claims that Martin is liable for harassment, allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).  Plaintiff does not so allege.

           As to Evans and Casey, plaintiff claims that they are liable as a result of their handling of plaintiff's inmate grievances.  Prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.  Numerous district courts in this circuit have reached the same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994

WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment. Plaintiff does not, however, state that he is pursuing a First Amendment claim. And, in any event, plaintiff does not allege any facts to show an actual injury with respect to existing or contemplated litigation. See Lewis v. Casey, 518 U.S. 343, 349 (1996); see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).

Based on the foregoing, the undersigned recommends that Martin, Evans, and Casey be dismissed as defendants to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 10, 2011

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE