IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER DMETRI NAILING, | No. CIV S-09-2475-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| B.D. FOSTERER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a former prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff seeks the recusal of the undersigned because: (1) he is unhappy that the court granted defendants' motion for an extension of time; (2) he is unhappy that the court has not ruled on his motions within 24 hours; and (3) he is unhappy that the court declined to enter defendants' default. Plaintiff's motion is governed by 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

1

1  Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting § 144.  See U.S. v.
2  Azhocar, 581 F.2d 735, 738 (1976).  As a preliminary matter, the Court in Berger held that the
3  judge against whom a disqualification motion is brought may pass on its legal sufficiency.  See
4  Berger, 255 U.S. at 233.  To be sufficient, the motion must state facts which, if true, fairly
5  support the allegation of bias or prejudice which stems from an extrajudicial source and which
6  may prevent a fair decision.  See Azhocar, 581 F.2d at 740-41.  Thus, the Supreme Court in
7  Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or
8  prejudice.  See Berger, 255 U.S. at 34.   In this case, plaintiff has not alleged any extrajudicial
9  conduct which would warrant disqualification.  Adverse rulings are an insufficient basis to seek a
10 judge's disqualification.  Plaintiff's motion for recusal will be denied.

11         Next, plaintiff seeks sanctions against all defendants, except Bemrick, for failure
12 to serve a timely response to his complaint.  A review of the docket reflects that defendants'
13 response to the complaint was timely.  On June 23, 2011, the court extended the time to respond
14 to the complaint to August 4, 2011.  Defendants' motion to dismiss was timely filed on August 4,
15 2011, and served on plaintiff that same day.  Because there is no basis for the imposition of
16 sanctions, the motion will be denied.

17         Next, plaintiff seeks an order compelling the litigation office at California State
18 Prison – Sacramento to provide him with "a microfiche review of any and all archive files. . . ."
19 Plaintiff has not demonstrated that he served a discovery request for this information and that
20 defendants failed to adequately respond.  And, in any event, California State Prison – Sacramento
21 is not a defendant and the court generally cannot compel conduct by a non-party.  Plaintiff's
22 motion to compel will be denied.

23         Finally, plaintiff seeks an order "to accept Exhibit No. 3 as filed."  Exhibit 3 are
24 plaintiff's discovery requests.  The motion will be denied because it is improper to file stand-
25 alone discovery requests.  Discovery requests need only be filed with the court in connection
26 with a motion to compel related to a particular discovery request.

Defendants' motions to dismiss and related motion to strike will be addressed separately.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for recusal (Doc. 39) is denied;
2. Plaintiff's motion for sanctions (Doc. 52) is denied;
3. Plaintiff's motion to compel (Doc. 57) is denied; and
4. Plaintiff's motion for an order to accept Exhibit 3 as filed (Doc. 61) is denied.

DATED: February 21, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE