IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER DMETRI NAILING, | No. 2:09-CV-2475-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| B.D. FOSTERER, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiff, a former prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1]

      Plaintiff seeks a change of venue (Doc. 87) to the United States District Court for the Central District of California.  Plaintiff states that the change of venue is needed because he has been released from prison and now lives in the Los Angeles area.  For cases such as this, which are based on federal question jurisdiction, the federal venue statute requires that the action be brought only in (1) a judicial district where any defendant resides, if all defendants reside in

---

[1] When this case was filed, plaintiff was incarcerated and case management in this matter was governed by the court's local rules for cases filed by state prisoners.  Upon plaintiff's release from incarceration, these local rules no longer applied.  This matter now proceeds under the local rules as a pro se civil case.

the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  See 28 U.S.C. § 1391(b).  The Central District of California does not satisfy any of these requirements.  Therefore, transfer is not appropriate.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a change of venue (Doc. 87) is denied.

DATED: August 7, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE