IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER DMETRI NAILING, | No. 2:09-CV-2475-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| B.D. FOSTERER, et al., | |
| Defendants. | |
| _____ / | |

   Plaintiff, a former prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are: (1) plaintiff's motion to modify the schedule (Doc. 98); and (2) plaintiff's motion for sanctions (Doc. 99).

   In his motion to modify the schedule, plaintiff seeks to re-open discovery to allow him to re-file a motion to compel.  Plaintiff's original motion to compel was addressed in the court's January 17, 2013, order which stated:

> Pending before the court is plaintiff's document entitled "Notice Motion of Plaintiff's Request of All Central Files File H57864, P08725 and G25239 by Defendants' Counsel Daniel Ikeri; Request for Document Production" (Doc. 94)  To the extent this document is a request for discovery, plaintiff is advised that discovery requests should not be filed except in the context of a motion to compel.  To the extent plaintiff's document is a motion to compel, it is procedurally defective.  In the

1

court's August 8, 2012, scheduling order, plaintiff was informed that this case was proceeding under the local rules as a civil pro se (non-prisoner) case because plaintiff is no longer incarcerated. Plaintiff was also informed that all motions pertaining to discovery must be noticed to be heard by December 14, 2012. Plaintiff's motion does not notice any hearing date whatsoever. Because plaintiff's motion was not noticed for a hearing prior to or on December 14, 2012, plaintiff has failed to comply with the court's August 8, 2012, order.

Plaintiff argues in his motion to modify the schedule that discovery should, in effect, be re-opened and extended so that he may re-file his motion to compel free of the procedural defects identified above. The court finds that this argument fails to demonstrate good cause for modification of the schedule because plaintiff has not explained why he initially failed to notice his motion to compel to be heard by the December 14, 2012, deadline.

In his motion for sanctions, plaintiff argues that defendants' failure to respond to his discovery request is sanctionable conduct. Again, this motion relates to plaintiff's original motion to compel addressed in the court's January 17, 2013, order. And again, plaintiff's current motion suffers from the same procedural defects – it is an untimely discovery motion and it is not properly noticed pursuant to the local rules governing civil pro se (non-prisoner) cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the schedule (Doc. 98) is denied; and

2. Plaintiff's motion for sanctions (Doc. 99) is denied.

DATED: February 28, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE